# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51639

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 7, 2025** |
| **Plaintiff-Respondent,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| WESTON LLOYD BALLARD, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jonathan Medema, District Judge.

Order revoking probation and executing previously suspended sentence, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion for reduction of sentence, <u>affirmed</u>.

Nevin, Benjamin & McKay LLP; Dennis Benjamin, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

_____

PER CURIAM

Weston Lloyd Ballard entered an *Alford*[1] plea to aggravated battery. Idaho Code §§ 18-903(a), -907(1)(b), 19-2520F. In exchange for his guilty plea, an additional charge was dismissed including an enhancement for use of a deadly weapon. The district court sentenced Ballard to a determinate term of five years; however, the district court suspended the sentence and placed Ballard on probation. Subsequently, Ballard admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. At the disposition hearing, Ballard requested a reduction of his sentence pursuant to Idaho Criminal

_____

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

Rule 35, which the district court denied. Ballard appeals, contending that the district court abused its discretion in revoking probation and ordering execution of the original sentence and denying his Rule 35 motion for reduction of sentence.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation and order of execution issues which are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838. Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in either revoking probation or in ordering execution of Ballard's sentence without modification.

Next, we review whether the district court erred in denying Ballard's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new or additional information submitted with Ballard's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, the order revoking probation and directing execution of Ballard's previously suspended sentence and the district court's order denying Ballard's Rule 35 motion are affirmed.